United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40992
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO BORJAS-GUERRERO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-114-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Roberto Borjas-Guerrero (Borjas) appeals his conviction under 8 U.S.C. § 1326(a) and (b) for illegal reentry into the United States after having been deported following conviction for an aggravated felony. He asserts that the "felony" and "aggravated felony" provisions of the statute cause it to be unconstitutional on its face.

The Government asserts that waiver language in Borjas's plea agreement bars his appeal. However, we need not decide this issue here, as the underlying constitutional issue raised is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

precluded by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Borjas contends that <u>Almendarez-Torres</u> was incorrectly decided and that majority of the Supreme Court would overrule it in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Borjas properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

The district court's judgment is AFFIRMED.